UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-10995-NG

LOMBARD MEDICAL TECHNOLOGIES, INC.

v.

NILS JOHANNESSEN, THOMAS SASSLER,
and TRIVASCULAR, INC.

<u>TEMPORARY RESTRAINING ORDER</u>

June 18, 2010

STEARNS, D.J.

 Upon Plaintiff Lombard Medical Technologies, Inc.'s ("Lombard") Motion for a Temporary Restraining Order and Preliminary Injunction, and upon consideration of the Verified Complaint, Declarations, and Memorandum of Law in support of its Motion for a Temporary Restraining Order and Preliminary Injunction presented to this Court, it is hereby ORDERED as follows:

 (a) Defendant Nils Johannessen ("Johannessen") is hereby temporarily restrained and enjoined from working directly or indirectly, including, but not limited to, as an employee, consultant or independent contractor, on behalf of Defendant TriVascular, Inc. ("TriVascular") until further order of the Court;

 (b) Defendant Thomas Sassler ("Sassler") is hereby temporarily restrained and enjoined from working directly or indirectly, including, but not limited to, as an employee, consultant or independent contractor, on behalf of TriVascular until further order of the Court;

(c) Johannessen and Sassler are hereby temporarily restrained and enjoined from using or disclosing any of Lombard's confidential and proprietary information including, but not limited to, its trade secrets, technology, technical information relating to its products and services (including Aorfix™), processes and techniques, business and marketing plans, pricing and cost data, non-public clinical trial data and analyses, information regarding the relative strengths and weaknesses of its products, clinical trial design, clinical trial agreements with medical centers (including information regarding the pricing and intellectual property provisions in such agreements), clinical trial methodologies, information regarding the identity of contacts and key decisionmakers at medical centers, and information regarding which paths in the clinical trial should be foregone.

(d) Johannessen and Sassler are hereby directed to return to Lombard, within three days following the date of this Order, any of Lombard's property or confidential and proprietary information that may be in their possession, custody or control, as well as any information or property that was created or derived therefrom.

(e) This order shall be in effect for ten (10) business days pending a further ruling by Judge Gertner on the motion for a preliminary injunction.

(f) The Clerk will transmit a copy of this Order and the related filings to Judge Gertner's session forthwith.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

2